# WILLIAM GRAHAM *v.* ROBERT BUSBY.

1. RECORD: FORCIBLE ENTRY AND UNLAWFUL DETAINER: OATH OF JURY.—It will be sufficient if the record, in a case of forcible entry, or unlawful detainer, state generally that the jury was "sworn according to law;" but, if the terms of the oath be set out, and they do not conform to the statute, the verdict will be set aside.

2. SAME: SAME: CASE IN JUDGMENT.—The record, in a case of unlawful detainer, recited that the jury were "sworn well and truly to try the matter in controversy between the parties." *Held*, that the oath was not in conformity to the statute, and the verdict, therefore, bad.

3. EVIDENCE: ADMISSIONS OF ANCESTOR, ETC., EVIDENCE AGAINST THOSE IN PRIVITY WITH HIM.—Where a party, by his own admissions, has qualified his own right, and another claims under him as heir, lessee, or the like, the latter succeeds only to the right thus qualified at the time his title commenced; and hence, in such a case, the admissions are competent evidence against the heir or lessee, in the same manner that they would have been against the ancestor or lessor. See 1 Greenl. Ev. § 189.

IN error from the Circuit Court of Lafayette county. Hon. P. T. Scruggs, judge.

This was an action of unlawful detainer; brought by Graham against Busby, before three justices of the peace of Lafayette county. The plaintiff had verdict and judgment before the justices, and the defendant appealed to the Circuit Court, where the cause was tried *de novo*, and a verdict and judgment rendered for the defendant.

On the trial, it was shown that Graham, the plaintiff, was owner of the land, and, in December, A.D. 1851, he went to the State of North Carolina, leaving his family in possession. In January, 1852, and whilst Graham was absent, his brother-in-law, Campbell, removed the plaintiff's family from the land, and rented, for the year

Graham *v.* Busby.

1852, the premises, or a portion of them, to one Harman, who rented to the defendant. The controversy turned upon this question, viz., whether the lease from Campbell to Harman included the houses, and some small pieces of cleared land immediately surrounding them. The plaintiff, in order to show that the houses and the pieces of cleared land, for the possession of which he had sued, was not included in the lease, offered to prove, by the depositions of Swaim and Bramlet, that Harman, whilst in possession under the lease, admitted that it did not include the premises in controversy. These depositions were, upon the objection of the defendant, ruled out as incompetent evidence. Harman and Campbell were both dead when the trial was had.

The jury having returned verdict for the defendant, the plaintiff moved for a new trial, which being refused, he took a bill of exceptions, and sued out this writ of error.

*Howry* and *Hayes*, for plaintiff in error.

*H. A. Barr*, for defendant in error.

1. The depositions of Swain and Bramlet were properly excluded. See *Farmers' Bank of Lancaster* v. *Whitehill*, 16 Serg. & R. 89; 3 Phil. Ev. (Cow. & Hill's notes) 677, and authorities there cited; *Framingham Man. Co.* v. *Barnard*, 2 Pick. 534.

2. It appears of record that the jury were sworn, but the oath is not set out. This is sufficient. See *Dyson* v. *The State*, 4 Cushm. 439.

SMITH, C. J., delivered the opinion of the court.

This was a proceeding, under the statute, for an unlawful detainer. The exceptions taken to the judgment are: 1. That the oath prescribed by law was not administered to the jury empanelled to try the issue. 2. That evidence, offered in behalf of the plaintiff, was improperly excluded. 3. That the verdict was informal and insufficient; and 4. That the verdict was contrary to the evidence.

The statute, in such cases, directs that the trial shall be had "without pleadings in writing," but has prescribed, as a substitute for a formal issue in writing, the precise form of the oath.

It has been uniformly held by this court, that it must appear affirmatively in the record, that the jury was sworn, and generally it is sufficient, if the record shows that they were sworn, without stating the terms of the oath administered. In cases of this character, although the terms of the oath are expressly given in the statute, we apprehend that a recital that the oath required by statute was administered, or that the jury was sworn according to law, would be sufficient. In this case, the terms of the oath are set out, and do not conform to the directions of the statute. For this error the judgment must be reversed, and the cause remanded for a new trial.

In view of a future trial, it is necessary to notice the second exception.

The defendant was in possession of the premises as the tenant of Harman, who was entitled to occupy the buildings for the year 1852, if at all, in virtue of his contract with Campbell, who assumed to act as the agent of the plaintiff. Harman and Campbell were both dead when the trial was had. The statements of the former, in regard to his contract with the latter, were, hence, clearly competent evidence for the plaintiff.

If Harman's contract did not embrace the buildings, and the pieces of cultivated land immediately surrounding them, the defendant, who held under him, could not justify his possession. His possession in law was the possession of Harman. They were, in the strictest sense of the term, privies in estate. The ground on which the admissions bind those in privity with the party making them is, that they are identified in interest. Where a party, by his own admissions, has qualified his own right, and another claims under him as heir, or lessee, or the like, he succeeds only to the right, as thus qualified, at the time when his title commenced. In such case, the admissions are competent evidence against the heir or lessee, in the same manner that they would have been against the ancestor or lessor. 1 Greenl. Ev. sec. 189.

For this reason, any statement or admission made by Harman, showing that the buildings were not included in the contract with Campbell, were competent evidence against the defendant. The depositions of Swaim and Bramlet were, therefore, improperly ruled out.

It is unnecessary to state what effect, in our opinion, the introduction of the depositions might have had upon the jury, or to intimate an opinion as to the relative weight of the evidence introduced by the respective parties, as we reverse the judgment for the exception first noticed.