## IRIS WALKER *v.* C. I. MARSEILLES.

1. **EVIDENCE.** *Declarations against interest.* *Replevin.*
   In an action to recover personal property, it is error to exclude testimony for plaintiff that the person, since deceased, under whom defendant claims title, had stated, before defendant's claim arose, that the property was not his, but plaintiff's. *Graham* v. *Busby,* 34 Miss., 272.

2. **HUSBAND AND WIFE.** *Transfers between.* *Code* 1880, § 1178, *not retroactive.*
   Section 1178, code 1880, declaring invalid all unrecorded transfers between husband and wife, does not affect transactions prior to the adoption of the code.

3. SAME. *Gift in another state. Conflict of laws.*

> A statute of Alabama, under which an unrecorded transfer between husband and wife, though good as between the parties, is void as to creditors and purchasers, cannot have any operation as to transactions made after removal of the parties and property to this state.

4. PERSONAL PROPERTY. *Purchase by wife. Payment by husband. Title.*

> The title of the wife to personal property bought by her is not affected by the mere act of her husband in afterward giving his note for the purchase-money, and paying it out of the proceeds of crops grown on his land.

FROM the circuit court of Monroe county.

HON. LOCK E. HOUSTON, Judge.

This is an action of replevin, begun in the justice court, to recover a mare, two colts and several head of cattle. The mare and colts are admitted to be the offspring of a mare owned, in 1882, by one Bransford. Iris Walker claims to have purchased this mare from Bransford in 1883, the trade being verbal and on a credit. Bransford testified that the sale was made to Iris, but that he afterwards took a note of Ike Walker, her husband, for the agreed price, because he was the head of the family, and owned the farm on which the mare was to be used. The note was paid partly by Iris and partly by Ike Walker out of the proceeds of his farm, and the note, when paid, was surrendered to him.

Marseilles, the defendant, claims all the property in controversy, under a bill of sale executed by Ike Walker, who died shortly after executing it, and before this suit was begun. It was shown in behalf of the defendant on the trial that Ike Walker claimed to own all the stock, and had incumbered them in favor of his creditors. Plaintiff, however, introduced the testimony of Dr. J. C. Word, that, before selling to defendant, Ike Walker declared to him that he did not own the mare and colt, and that they were the property of his wife. This, and other evidence of the same purport, was excluded, on the objection of defendant, and this action of

the court presents the only question passed on in this court relative to the disputed ownership of the horses.

As stated above, Marseilles claims the cattle under a bill of sale from Ike Walker, while Iris Walker claims them under a written, but unrecorded, deed of gift, signed and executed in Alabama by Ike Walker, in 1871, conveying to her three cows, from which she claims to have raised the cattle in controversy. At that time they were resident citizens of Alabama, but afterwards removed, with their effects, including the cattle, to this state.

The instructions for defendant the giving of which the court holds were erroneous, are as follows:

" 2. The court charges the jury that any deed or assignment of property between husband and wife must be acknowledged and recorded, otherwise such deeds are void as to creditors without notice, and do not confer any title; and if they find that the deed of gift from Ike Walker to Iris Walker of the cattle was not recorded, then the jury will find for defendant as to the cattle.

" 3. The court charges the jury that if they believe, from the testimony, that Ike Walker, the husband, gave his note for the horses bought of Mr. Bransford, and that Ike Walker rented the lands on which the crops were grown that paid for said horses, then this placed the legal title of said horses in Ike Walker, and he had the right to mortgage or sell said horses, and if they believe he did sell them to Marseilles, they will find for defendant."

Judgment for defendant. Motion for new trial overruled, and plaintiff appeals.

*R. A. Word,* for appellant.

1. The testimony of Dr. Word was competent. Ike Walker's declarations in disparagement of his own title were competent after his death. *Whitfield* v. *Whitfield,* 40 Miss., 352; 1 Greenl. Ev., §§ 109, 190, 191.

2. It was error to grant the second instruction for defend-

ant. The gift between the husband and wife was in 1871, when our law did not require a transfer to be acknowledged or recorded. The code of 1880 cannot apply to the contract previously made.

3. The third instruction is erroneous. It is not a question of law whether Bransford sold the mare to the husband or to the wife, but a question of fact. Newmark on Sales, § 156; 1 Parsons on Contracts, 528; *Myrick* v. *Wills*, 52 Miss., 149. The testimony conclusively shows the sale to the appellant.

*Gilleylen & Leftwich*, on the same side.

1. The taking of the note of the husband for the sale to the wife did not make him the purchaser. That the husband afterward made a payment, did not affect the legal title. *Henry* v. *Dillard*, 68 Miss., 536; *Ohleyer* v. *Bernheim*, 67 *Ib.*, 75.

2. It was error to exclude the testimony of Word and others as to the statements made by Ike Walker, now deceased, and against his interest. 40 Miss., 369; 1 Greenl. Ev., §§ 109, 190, 191. The gift of the cattle by Ike Walker to his wife, made in Alabama, was good as between the parties. Possession was delivered to her, and has been kept up continuously in this state. See Tied. on Sales, § 11; *Carradine* v. *Carradine*, 58 Miss., 286; Benjamin on Sales, 97.

*Clifton & Eckford*, for appellee.

1. The written deed of gift was never acknowledged or recorded, and should have been excluded from the jury. Code 1880, § 1178; *Gregory* v. *Dobbs*, 60 Miss., 549. The fact that it was executed in Alabama makes no difference, as the law of Alabama at that time required such instruments to be acknowledged and recorded, or they would be void against creditors or purchasers.

2. The testimony clearly shows that Ike Walker bought the mare from Bransford. He owned the farm, and gave his note, and paid the purchase-money. We submit, therefore, that the third instruction is correct. See *Hamilton* v. *Booth*, 55 Miss., 60; *Walker* v. *Blackwell*, MS. Op.

3. The declarations made by Ike Walker, without appellee's knowledge were not competent evidence. If it was error to exclude this testimony, this court will not reverse, since the proof shows clearly that the stock and cattle were owned by Ike Walker, and not his wife.

COOPER, J., delivered the opinion of the court.

It was error to exclude the testimony of Dr. J. C. Word to the effect that Ike Walker, under whom the defendant claims, declared in his life-time that the horses in controversy were not his property, but belonged to the appellant. *Brown v. McGraw*, 12 S. & M., 267; *Graham v. Busby*, 34 Miss., 272.

The second instruction for the defendant should have been refused. The transfer of the cattle from Ike Walker to his wife was long anterior to the operation of the code of 1880, in which, for the first time, the provision declaring the invalidity of unrecorded transfers from the husband to the wife appeared.

If the gift was made while the parties resided in Alabama, as the plaintiff testified, it was good as between the parties, and the provisions of the code of that state, §§ 1561 and 1562, could have no operation after the persons and property came under the operation of our laws. The code of 1880 related to transfers made after its adoption, and had no effect upon past transactions.

The third instruction for the defendant is also erroneous. If the wife bought the horse from Mr. Bransford, as she testified she did, her title thereto would not have been affected, even though the husband afterwards gave his note for the purchase-money, and owned the land upon which was grown the crops from the proceeds of which the money was raised which paid for the horse. The horse would yet have been the property of the plaintiff, notwithstanding the husband paid the price she had promised to give.

*The judgment is reversed.*