## W. T. DAVIS *v.* IRENE WILLIAMS.

1. HUSBAND AND WIFE. *Transfers from one to the other. Recording same.* Code 1892, § 2294.

   Section 2294, code 1892, requiring transfers from the husband to the wife, or from her to him, to be recorded, has no application to property situated out of this state. *Walker* v. *Marseilles.* 70 Miss., 283, cited.

2. SAME. *Case.*

   Property of the husband that he has removed to another state, and there transferred to his wife by a sale valid under the laws of such state, is not subject to the demands of his creditors on being

brought back to the county in this state, in which the husband and wife resided at the time of the removal of the property and have continued to reside, although the transfer to the wife has not been recorded in said county, as required by § 2294, code 1892.

FROM the circuit court of Washington county.

HON. R. W. WILLIAMSON, Judge.

W. T. Davis recovered a judgment against Merrit Williams. Execution was issued on the judgment and levied on certain mules, and Irene S. Williams, the wife of the debtor, filed a claim thereto. The claimant's issue was tried before the court, a jury having been waived, on an agreed statement of facts. The facts, in so far as they relate to the issue involved, are in substance as follows: W. T. Davis sold the mules in question, on November 18, 1892, to Merrit Williams, in Washington county, Miss. The mules were carried to East Baton Rouge parish, La., by Williams, and while they were in Louisiana he sold them to his wife, Irene S. Williams, executing a written bill of sale, which was recorded in said parish in Louisiana. The mules were delivered to the agent of Irene S. Williams, in Louisiana, and were afterwards removed to Mississippi, and were in the latter state when the execution was levied on them. Claimant and her husband resided in Mississippi, and have never lived in Louisiana. The bill of sale was never recorded in Mississippi.

*W. G. Thomas*, for appellant.

A decision of this case requires a construction of § 2294, code of 1892. This is an enabling statute, and must be strictly construed. *Gregory* v. *Dodd*, 60 Miss., 549. Nothing can be substituted as equivalent to the thing required by the statute. *Montgomery* v. *Scott*, 61 Miss., 409; *Black* v. *Robinson*, 62 Miss., 68; *Arnold* v. *Elkins*, 67 Miss., 675.

The ability of claimant must be determined by the laws of her domicile as to personal property. 3 Am. & Eng. Enc. L., p. 573, and authorities cited; Story's Conflict of Laws, § 431;

Wharton's Conflict of Laws, § 92; *Kelly* v. *Davis*, 28 La. Ann., 773. If, by the law of the place, a married woman has capacity to contract, a contract made there is valid everywhere. If she has not, her contracts are invalid if made in a foreign country, or with reference to property in a foreign country. Story on Conflict of Laws, § 66; *Garnier* v. *Poydras*, 13 La. R., 177. Contracts concerning personal property, made where the property is situated, but to be performed in another state, must be made according to the laws of the state where they are entered into. 3 Am. & Eng. Enc. L., p. 514 and note; pp. 552, 567, 568 and notes; *Waters* v. *Cox*, 2 Ill. App., 129; 7 Lawson's Rights, Rem. & Pr., p. 5836. A contract void where made is void everywhere. 3 Am. & Eng. Enc. L., pp. 552 and 553, and notes.

*Yerger & Percy*, for appellee.

The sole question to be determined is whether the bill of sale had to be recorded in this state, under § 2294 of the code of 1892. The facts of the case make it an exception to the general rule that transfers of personal property are governed by the *lex domicilii*. Where personal property has an actual *situs*, and a conveyance is made in accordance with the laws thereof, it is valid, though the laws of the domicile of the parties have not been complied with. Story on Conflict of Law, § 384. If the sale had been made so as to conform to the Mississippi statutes, but not accompanied by actual delivery of the property, it would have been void in Louisiana and subject to the claims of the creditors of Merrit Williams. *Oliver* v. *Towns*, 14 Martin R., 93; Story on Conflict of Laws, § 387, *et seq.* It cannot be required that the parties should have complied with the laws of both Mississippi and Louisiana. The sale was valid if construed by the Louisiana laws. Section 2294 only applies to transfers of personal property situated in this state at the time the transfers are made, and has no application to property situated out of the state. If it was a valid sale in Louisiana,

the property came into Mississippi stamped with appellee's ownership just as much so as if the parties had lived in Louisiana when the sale was made and subsequently moved into Mississippi, taking the property with them. It is the change of ownership which occurs after the property is in the county that is required to be noted on the records. It is the change of the status of property which is located among them, of which the people of a county have the right to be advised. What transfers have taken place prior to its being brought among them, does not concern them.

COOPER, C. J., delivered the opinion of the court.

Our code provision requiring transfers from the husband to the wife, or from her to him, to be recorded, has no application to property situated out of this state. *Walker* v. *Marseilles*, 70 Miss., 283.

*Affirmed.*