## F. P. Fox *v*. G. W. Tyrone.

[61 South. 5.]

Husband and Wife.   *Separate property of wife.   Contract.*

A piano, selected, bought and paid for by the wife with her own money, is her property, notwithstanding the fact that her husband signed the deferred payment notes and the receipts were made out to him.

Appeal from the chancery court of Lawrence county.

Hon. R. E. Sheehy, Chancellor.

Suit by G. W. Tyrone against F. P. Fox to subject a piano to the payment of a judgment against G. H. Fox, the landlord of defendant. From a decree for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Jno. H. Arrington,* attorney for appellant.

The court erred in overruling demurrer of the defendants to the bill of complaint. Complainant had a full and complete remedy at law, admitting every allegation of the complaint. A court of equity could not strengthen his position. The court erred in sustaining complainant's demurrers to the separate answers of the defendant. If the answers were not responsive, complainant should have excepted to them. His demurrers admitted the truth of the allegations in the answers. The court especially erred in granting the decree, holding the piano the property of G. H. Fox, under the evidence in the case and the agreed state of facts. G. H. Fox did a certain clerical service, in signing up the contract and notes for the purchase of the piano, and even if he did order the piano billed to him and signed the notes in his name instead of that of the appellant, it could not vest title in

him; and especially so, where it is admitted that he never paid a cent for or on the piano, but on the contrary, appellant furnished him the money with which to make the cash payment, and each of the notes as they became due and payable.

Did this service rendered vest title to the piano in G. H. Fox? That is what the chancellor held, and more; he directed the property condemned to pay G. H. Fox's debt, and it not *in custodia legis* or even under bond.

We deem this a much stronger case, than either the facts in the case of *Henry v. Dillard,* 68 Miss. 536, or that of *Walker* v. *Marseilles,* 70 Miss. 283, the last paragraph of the decision. In the latter case, the court says, "If the wife bought the horse" as she says she did, her title was not affected, even though her husband afterwards gave his note for the purchase money, and paid the note from proceeds of crops grown upon his own land; in the case at bar, it is not contended that G. H. Fox paid a cent for or on the purchase price of the piano, but that appellant paid it all.

We submit G. H. Fox could not have recovered the piano on the evidence and statement of facts as we have them in this case, either in a court of law or equity; then if we are correct in this proposition, how could a third party have title declared in him to the property, and have same condemned to pay and satisfy a judgment which he holds against G. H. Fox? We very respectfully submit that the decree of the court below should be reversed and the proper order made by this court, in dismissing the bill of complaint.

*S. B. Waddell,* attorney for appellee.

The agreed statement of facts show conclusively that the piano, the property in this controversy, was the property of defendant G. H. Fox; he bought it in his name, it was shipped to him in his name, and it was paid for in his name and the receipts therefor were his receipts; it

was assessed as his property until this litigation started (See bill of complaint not denied by answer of either of defendants in court below) when at the request of defendants it was changed to her. Our laws do not tolerate such a change of front under the circumstances in this case. See section 4784 of the Code of 1906, the latter part of which says:

Or if any person shall transact business in his own name without such addition (as agent in this case) all the property, etc., used in such business shall, as to the creditors of such person, be liable for his debts, and be in all respects treated in favor of his creditors as his property.

When the husband acts as agent for his wife the property acquired cannot be held by him or as his by his creditors, but note the difference where he deals with his wife's money in procuring property in his own name—there the property will be treated as his property by his creditors. See *Leinkauf* v. *Barns,* 66 Miss. 207, 5 So. 402.

Where the husband buys property in his own name and the wife contributes money for same, it will be regarded as a loan, or gift, and does not vest her with title to same to the exclusion of his creditors.

The cases of *Henry* v. *Dillard,* 68 Miss. 536 and *Walker* v. *Marseilles,* 70 Miss, 283, have no application here. The first was before our present statute, Code 1880, and does not apply, and the second case is where, by express agreement, the debt was transferred (after the death of the husband) to that of the wife and the property delivered to her by the donor after she had paid the debt which was her own debt at the time of payment. We have no such transaction here.

The learned counsel for appellant submits that in his opinion, G. H. Fox could not have held the piano as against his wife, Mrs. F. P. Fox (appellant here). That may or may not be true; however, the case is very different when it comes to both of them undertaking to hold it against the creditors of G. H. Fox, under the facts in this case as we see them. We, therefore, most respectfully

submit that the decree of the court below was correct and should be here sustained.

Reed, J., delivered the opinion of the court.

Appellee filed a bill seeking to subject certain real and personal property claimed to be owned by appellant to the payment of a judgment in favor of appellee against G. H. Fox, the husband of appellant, and who was a party defendant to the bill. Appellee alleged that all of the property mentioned belonged to G. H. Fox, and that he had attempted to convey the real estate to his wife for the purpose of defrauding and hindering appellee in the collection of the amount due him, and that he further attempted, for the same purpose, to establish the ownership of the personal property in his wife, the appellant.

There is much pleading in this case, but we do not deem it necessary to enter into a consideration of any of it. We find that the case was finally tried on an agreed statement of facts. In this it is shown that upon the trial the only property there in controversy between the parties was a piano. It appears that the piano was purchased by appellant, and that she furnished all the money used in payment therefor. After selecting the piano, she requested her husband to order it for her. He did so, and, in closing the transaction, signed the notes for the deferred payments, and the receipts therefor were made to him. He never used any funds of his own in making the payments. There is no transfer of the piano, in writing or otherwise, between the husband and wife. The chancellor decided that the piano belonged to G. H. Fox, the husband, and was not the property of appellant; and that it was subject to the payment of the judgment in favor of appellee.

We believe that the chancellor was wrong in this decision. The agreed statement of facts shows clearly that the selection and purchase was made by appellant, and that she paid in full for the piano. The fact that her hus-

band signed the deferred payment notes, and that the receipts were made out to him, did not affect her title thereto. She purchased and paid for the property, and it is hers. *Henry* v. *Dillard,* 68 Miss. 536, 9 South. 298; *Walker* v. *Marseilles,* 70 Miss. 283, 12 South. 211.

*Reversed, and bill dismissed.*