## DORSETT v. BREITHAUPT.

(Division B. Nov. 12, 1923.)

[97 So. 756. No. 23572.]

1. HUSBAND AND WIFE. *Purchase of automobile by husband for wife with her money held valid as against husband's creditors.*

Where the husband purchased an automobile for his wife with her means at her direction and request, but gave his personal note for deferred payments instead of signing wife's name and indorsing the note as requested, and where the note so given was paid with wife's money, and the automobile was licensed in name of husband and fees paid by wife and the property was used, rented, and controlled by wife, she has title to the property and will prevail over a judgment creditor of the husband. *Fox* v. *Tyrone*, 104 Miss. 44, 61 So. 5, cited.

2. FRAUDULENT CONVEYENCES. *Verbal lease between husband and wife held void as to creditors of husband.*

Under section 2056, Hemingway's Code (section 2522, Code of 1906), providing for recording contracts between husband and wife, a verbal lease is void as to third-persons, and a judgment creditor of the husband may levy upon and sell cotton grown by the wife on husband's land where there is no written contract signed and recorded showing lease of the land.

APPEAL from circuit court of George county.

HON. D. M. GRAHAM, Judge.

Proceedings between J. C. Dorsett and Mrs. C. T. Breithaupt. From a judgment rendered, the former appeals. Reversed in part, and affirmed in part.

*O. F. Moss,* for appellant.

The statement of a party claiming that he is in possession of property, is not evidence for him to prove possession. *McMullen* v. *Mayo,* 8 S & M. 298; *Mixon* v. *Carco,* 28 Miss. 414.

The case of *Walker* v. *Marseilles,* 70 Miss. 283, 12 So. 211, or the case of *Fox* v. *Tyrone,* 104 Miss. 144, 61 So.

5, see 68 Miss. 536, 9 So. 298, does not apply with reference to the automobile in the present case, for the reason that the wife did not hold out the property involved in the Walker case or in the Fox case to the world as being the property of her husband. The court will bear in mind that in the present case, not only was the automobile bought by the husband, part of the purchase money being represented by a note executed by him, but that his wife, the claimant here, immediately after said automobile was so purchased, actually went to the sheriff and tax collectors' office, registered the same in the name of her husband, procured the license in the name of her husband, and actually allowed the same to be assessed to her husband on the assessment rolls of the county for many years.

I, therefore, submit that the wife is now estopped by her very acts to claim said property. Both the husband and the wife here involved turned over all their cotton crop made during the year 1920 to the plaintiff in execution without informing him that one of the said bales of cotton belonged to the wife. I submit that by these wrongful acts by both the husband and the wife, especially by the wife in holding out both the automobile and the cotton to the world as being the property of her husband, thus causing the plaintiff in execution great injury and damage, Mrs. Breithaupt cannot be heard to say that either the automobile or the bale of cotton belongs to her. *Staton* v. *Bryant,* 55 Miss. 261; *Lake* v. *Perry,* 95 Miss. 550, 49 So. 569.

All contracts between husband and wife must be in writing. Section 2522, Code of 1906, section 2056, Hemingway's Code. Under this section of the code, a husband who manages his wife's farm under a verbal understanding with her that he was to own the crops is not the owner of the cotton produced thereon. *Williams* v. *R. R. Co.,* 82 Miss. 659, 35 So. 169.

Under the authorities above cited, I am fully of the opinion that the court should have peremptorily instructed the jury to find for the plaintiff both as to the bale of cotton and as to the automobile.

*Oscar Backstrom,* for appellee.

We submit that under the authority of the case of *Walker* v. *Marseilles,* 70 Miss. 283, 12 So. 211, and the case of *Fox* v. *Tyrone,* 104 Miss. 144, 61 So. 5, with reference to the automobile in the case at bar the title to the automobile in the case at bar was vested in the appellee. In the Walker case, this court held, that where the wife bought certain horses from one Bradford and her husband thereafter gave his note for the purchase price and later paid the same, the title, nevertheless, remained in the wife. In the Fox case this court decided that where the husband purchased a piano at the instance of his wife, executed his note for the deferred payments, and the receipts for the payments thereon were made to and issued to him; where it was shown that the purchase was made for and in behalf of the wife and with her funds, that the piano was her property, even though the husband's agency was undisclosed when he so acted.

We must confess that we are somewhat at loss to follow counsel's reasoning with reference to the bale of cotton being the property of C. T. Breithaupt and therefore subject to execution by virtue of section 2522 of the Code of 1906, section 2056 of Hemingway's Code. This section makes void as to third parties a lease from the husband to the wife or from the wife to the husband unless the same be acknowledged and filed for record, etc. The lease from Breithaupt to his wife was perfectly good and valid as between the parties. *Groce* v. *Insurance Company,* 48 So. 298.

As between the parties, Breithaupt and wife, there can be no question but that the appellee is the owner of the cotton involved herein. Both the appellee and C. T. Breithaupt testified that during the whole time they

had resided on this farm homestead each year C. T. Breit-
haupt set apart to the appellee as much land as she wished
to farm on her own account, being from two to six acres
each year.

We further submit to this court that at the time this
land was set apart to the appellee for her use for the year
1922, or at the time the same was leased to her, as coun-
sel, for appellant treats the case, appellant had no lien
against any of the property of C. T. Breithaupt. The judg-
ment in this case was rendered in July, 1922, and this
court will take judicial cognizance of the fact that the
cotton crop for 1922 was and of necessity must have been
planted long prior thereto.

The case of *Williams* v. *Railroad Co.,* 82 Miss. 659, 35
So. 169, does not apply in the case at bar. Section 2056
of Hemingway's Code was not construed in the Williams
case. In that case this court held that the cotton was the
property of the wife independent of the statute under the
facts in the case. If such had been the holding of the
court in that case it would not now be the law for the
reason that it would have been overruled by the case of
*Groce* v. *Insurance Company, supra,* as the ruling in the
Groce case was directly in opposition to the contention of
counsel.

ETHRIDGE, J., delivered the opinion of the court.

At the July, 1922, term of the circuit court of George
county, judgment was rendered against C. T. Breithaupt,
the husband of the appellee, and said judgment was duly
enrolled, and thereafter execution was issued on said judg-
ment and levy made on one Ford automobile and a bale of
cotton. Mrs. Breithaupt filed separate claimant's affi-
davits for the automobile and bale of cotton, claiming that
the automobile and bale of cotton were her property and
not that of her husband. She gave bond for the bale of
cotton and had it released and sold, but the automobile

was left in possession of the sheriff. In the circuit court an issue was made up for the trial of the right to the properties between Mrs. Breithaupt and the appellant. The proof shows the bale of cotton to be worth one hundred twenty-four dollars and twenty-eight cents and the evidence shows that the bale of cotton was raised upon the lands owned by the husband, the judgment debtor, occupied by him as a homestead. There was no contract in writing between the husband and wife filed and recorded, nor any contract in writing at all; but the proof showed that the wife employed people to cultivate the land and superintended the growing and ginning of the cotton. The facts in reference to the automobile are as follows: In May, 1919, the Lucedale Auto Company sold the automobile in question to C. T. Breithaupt, he paying part cash therefor and giving his personal note for the deferred part of the payment, the cash payment being $250 and the deferred payment $353. The proof showed that the money was advanced by the appellee to her husband and he was directed to purchase the car for her and was requested to sign her note for deferred payment as indorser, but instead of signing the note in this way as requested the husband gave his personal note for the balance of the purchase money. The proof for the claimant further showed that when the note matured she sold some cattle and borrowed some money and turned it over to the husband to pay the said note, which he did, all being done prior to the rendition of the judgment upon which the execution issued in this cause.

The automobile was assessed to C. T. Breithaupt on the assessment rolls of the county, nothing other than a poll tax being assessed to the appellee. The automobile was registered also in the name of the husband, and the tags for the automobile each year were taken out in the name of the husband, but the money was advanced and paid by the wife, and it is in proof by other persons than the husband and wife that she claimed, used, and rented the au-

tomobile as belonging to herself. · The case was submitted to the jury, and the jury returned a verdict in favor of the claimant, from which the plaintiff in execution appeals.

In the case of *Fox* v..*Tyrone*, 104 Miss. 44, 61 So. 5, it was held by this court that a piano selected, bought, and paid for by the wife with her own money is her property, notwithstanding the fact that her husband signed the deferred payment notes and the receipt was made out to him, citing *Henry* v. *Dillard*, 68 Miss. 536, 9 So. 298; *Walker* v. *Marseilles*, 70 Miss. 283, 12 So. 211. We think under this authority the judgment in so far as it affects the automobile in question must be affirmed.

In reference to the bale of cotton we are of the opinion that the judgment will have to be reversed. Section 2056, Hemingway's Code, section 2522, Code of 1906, reads as follows:

"A transfer or conveyance of goods and chattels, or lands, or any lease of lands, between husband and wife, shall not be valid as against any third person, unless the transfer or conveyance be in writing and acknowledged and filed for record as a mortgage or deed of trust is required to be; and possession of the property shall not be equivalent to filing the writing for record, but, to affect third persons, the writing must be filed for record."

In our opinion this section forbids the claim of the wife to the cotton grown upon the lands of her husband because the lease in such case could have no effect as to third persons, because not reduced to writing, acknowledged, and filed for record as therein provided. It is expressly provided in this section that the possession of the property shall not be equivalent to filing the writing for record, but to affect third persons the writing must be filed for record. The object of the statute would be defeated if the husband's creditors could be defeated by showing a verbal lease or an unrecorded lease. As to the bale of cotton the judgment will be reversed, and judgment ren-

dered for the appellant for one hundred, twenty-four dollars and twenty-eight cents with six per cent. interest from the date of the judgment below.

*Reversed in part, and affirmed in part.*