BREITHAUPT *v.* DEAN.*

(Division B.   Oct. 11, 1926.)

[109 So. 792.  No. 25819.]

1. JUDGMENT.

Judgment on trial of issue of right to property, establishing in claimant title to article on which as property of another execution was levied, is conclusive in action by claimant against sheriff for wrongful levy.

2. EXECUTION.

Damages for wrongful levy of execution on car is any excess of what it would have been worth had owner kept and used it, over its value as returned, plus reasonable amount for loss of use for owner's convenience.

3. SHERIFFS AND CONSTABLES.

Loss for damages from wrongful levy falls on sheriff, he not having protected himself with indemnifying bond when making levy.

4. APPEAL AND ERROR.

There being no cross-appeal, on appeal by plaintiff from judgment on the merits, appellee's point that demurrer to declaration should have been sustained may not be considered.

---

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 694, n. 98; Executions, 23CJ, p. 980, n. 96, 97; Judgments, 34CJ, p. 962, n. 79; Sheriffs and Constables, 35Cyc, p. 1644, n. 78.

APPEAL from circuit court of George county.

HON. WALTER A. WHITE, Judge.

Action by Mrs. C. T. Breithaupt against A. E. Dean. From an adverse judgment, plaintiff appeals. Reversed and remanded for trial of damages only.

*Ross, Backstrom & Bickerstaff,* for appellant.

The plaintiff in this case was not required to prove her title to the property in question by a preponderance of the testimony, or prove it at all. Under the common law, as well as under the decisions of this court, when the sheriff levies execution against property not subject to such execution, he commits a trespass, for which he is liable on his official bond if no indemnifying bond has been given. To support an action of trespass, possession is all the title required. *Swain* v. *Alcorn,* 50 Miss. 320; *Shattuck* v. *Miller,* 50 Miss. 320; *Marshall* v. *Stewart,* 7 So. 284; *Smokey* v. *Peters,* 5 So. 632; *Harris* v. *Newman,* 5 How. 654; *Ware* v. *Collins,* 35 Miss. 223; *McFarland* v. *Smith,* Walker's Reports 172.

But we submit that the question of title and possession of the automobile were both *res adjudicata* on account of the former suit adjudging Mrs. Breithaupt the owner of the car. The plaintiff proved her title to the property by her testimony, by the adjudication of a former case involving such title both in the circuit and the supreme court, by her possession, proved her damages and rested. A peremptory instruction should have been given. Under any theory of this case the plaintiff was entitled to damages and the amount thereof, whether nominal or actual, was the only issue that should have been submitted to the jury.

As to the measure of damages, the court held erroneously that damages could not exceed the value of the automobile. But see *Bank of Gulfport* v. *O'Neal,* 38 So. 630.

We submit that the measure of damages was the sum sued for, including the time usee was deprived of the use of the automobile, the reasonable rental value thereof for such time and the actual damage done to the automobile.

*C. F. Moss,* for appellee.

Counsel for appellant are trying to argue to this court that the ownership of the automobile has been adjudicated and is now *res adjudicata.* We submit that nothing in the former suit before this court is *res adjudicata* as to these defendants for the simple reason that they were not parties to the first suit between J. C. Dorsett and appellant here and are, therefore, not bound by any judicial proceeding wherein they were not parties. *McCoy* v. *Nichols,* 5 Miss. 31; *Dibrell* v. *Carlisle,* 51 Miss. 785; *Tatum* v. *McLellan,* 56 Miss. 358; *Lloyd* v. *Doll,* 11 So. (Miss.) 608.

The jury had before them in the trial of this cause both the question of the ownership of the automobile and the damages suffered by appellant, if any, and they decided under the evidence that appellant did not even own the automobile at the time it was levied on. The trial judge was entirely correct in refusing to grant a peremptory instruction for the plaintiff for the reason that there is plenty of proof in the record to cause the jury to believe that the automobile in question was not really the property of appellant at the time it was levied on.

The instruction as to the limit of the damages is entirely correct. Had the sheriff entirely destroyed the automobile as soon as he levied on it, the value of the automobile would be the limit of the damages in a case like this. Section 3264, Hemingway's Code (section 4990, Code of 1906) is the exact statute that we are concerned with here.

We desire to put it squarely up to the court as to whether or not these sections do not relieve the sheriff and his surety from all liability in cases of this kind and if such sheriff under section 3264, Hemingway's Code, could have released the property under any circumstances without a bond.

This case should be affirmed.

HOLDEN, P. J., delivered the opinion of the court.

This suit is by the appellant, Mrs. C. T. Breithaupt, against A. E. Dean, ex-sheriff, to recover damages for the wrongful levy of an execution upon her Ford car. There was a verdict and judgment in favor of the ex-sheriff, Dean, from which Mrs. Breithaupt appeals.

In the year 1922, D. C. Dorsett obtained a judgment against Mr. C. T. Breithaupt, husband of the appellant, and had execution issued and placed in the hands of the sheriff, A. E. Dean, appellee herein, and the sheriff levied on the Ford automobile as the property of Mr. Breithaupt. Mrs. Breithaupt notified the sheriff that the automobile belonged to her and that she expected to hold him for damages if he seized it under execution. The sheriff proceeded to levy on the car, and stored it away, where it remained for about a year. The sheriff did not take an indemnifying bond from the plaintiff in execution, as he could have done under the statute on the subject.

Mrs. Breithaupt filed a claimant's affidavit for the car, and at the trial established the fact that she owned it, and a verdict and judgment was rendered in her favor. The case was appealed to the supreme court and affirmed (*Dorsett* v. *Breithaupt,* 133 Miss. 457, 97 So. 756), thus establishing title to the property in Mrs. Breithaupt. When the mandate of the supreme court reached the lower court, possession of the car was finally obtained by Mrs. Breithaupt. She then entered this suit to re-

cover damages against the ex-sheriff, Dean, for the wrongful seizure and detention of her property, which resulted in a judgment against her.

At the trial of the instant case the court permitted the appellee, Dean, to reopen the question of the ownership of the car, and allowed him to introduce evidence to show that the car belonged to Mr. Breithaupt, the judgment debtor, at the time he seized it under the writ of execution. This was objected to by Mrs. Breithaupt, who had introduced the court records showing that the title to the car had been adjudged to be in her and not in her husband.

At the conclusion of all the testimony, Mrs. Breithaupt requested a peremptory instruction to find for her in some amount of damages for the wrongful seizure of the car by the appellee, Dean. The court refused to grant the peremptory instruction, but allowed the case to go to the jury on the question as to whether the car belonged to Mr. Breithaupt, judgment debtor, at the time that it was seized under the writ of execution; and from this ruling, Mrs. Breithaupt excepted and now urges a reversal upon that ground.

As we understand the case, it is clear to us that the seizure of the car under execution was wrongful, and the owner, Mrs. Breithaupt, appellant, is entitled to recover from appellee, Dean, the actual damages suffered by her for the wrongful seizure, and the lower court erred in not granting a peremptory instruction to that end, as requested by the appellant.

In the former trial, under the claimant's issue, Mrs. Breithaupt was adjudged the owner of the car as against the alleged ownership of her husband, the judgment debtor. The judgment of the court in putting the title in Mrs. Breithaupt as against her husband was conclusive as to the question of title, and the sheriff, who had levied the execution, was precluded from showing that the title was in the judgment debtor.

The question of the ownership of the car as between Mr. Breithaupt and Mrs. Breithaupt was settled by the judgment of the court, and the sheriff, who therefore wrongfully seized the car after notice, and without requiring an indemnifying bond, is now barred from reopening the question of title to the car, because his only defense to the instant action would be to show that the car belonged to the judgment debtor when he seized it; and since the court finally adjudged in the former suit that the car did not belong to the judgment debtor, but was the property of Mrs. Breithaupt, the title in Mrs. Breithaupt cannot now be questioned in this case. Therefore the peremptory instruction to find for the plaintiff, Mrs. Breithaupt, should have been given by the court, and the only question that the jury should have passed on was the amount of actual damage suffered by appellant on account of the wrongful seizure and detention of her automobile.

The measure of damages recoverable in the case would be the actual damage to the car by deterioration while held in storage by the sheriff and a reasonable amount for the use of the car for the convenience of the owner. To be more explicit, the damage to the car would be the difference in its value at the time when returned and its value if Mrs. Breithaupt had kept it and used it up to the date of its return, and the loss of its use as a convenience. The injured party should be made whole. The sheriff not having protected himself with an indemnifying bond when he levied upon the car, the loss will fall upon him.

There are some other questions raised on this appeal which we think unnecessary to decide at this time, and for that reason we omit the consideration of them. The appellee suggests in his brief that a demurrer to the declaration filed by him should have been sustained by the court, and that the court erred in overruling it; but we cannot consider this point, because there is no cross-

appeal and, besides, the record is in such confusion in regard to what action the court took on the demurrer that we could not intelligently pass upon the question even if there had been a cross-appeal.

In view of the above conclusions, the judgment of the lower court is reversed and the case remanded for a new trial on the question of damages only.

*Reversed and remanded.*